CIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DON HAMRICK, | ) CIVIL NO. 08-00544 ACK-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DISMISS CASE WITHOUT PREJUDICE |
| vs. | ) |
| | ) |
| CHIYOME FUKINO, Director of | ) |
| Hawaii Department of Health, | ) |
| | ) |
| Defendant. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE

I.   BACKGROUND

On December 3, 2008, Plaintiff Don Hamrick initiated this action by filing a document titled "Miscellaneous Case Motion In re: Hamrick v. President Bush, U.S. District Court for the District of Columbia, No. 08-CV-1698-EGS."  Two days later, the Clerk's Office sent Hamrick a letter requesting that he either pay the civil filing fee or complete and return an attached application to proceed *in forma pauperis*.  The letter explicitly warned Hamrick that failure to comply may result in the Court dismissing his action.  (Letter to Pet'r. 1.)  The Court repeated this warning in its Order Denying Plaintiff's Emergency Motion to Expedite Plaintiff's Motion for Court Order for Certified Copy of Barack Hussein Obama's Birth Certificate. (Order Den. Pl.'s Emergency Mot. to Expedite 4.)  To date,

Hamrick has not paid the filing fee or submitted a completed application to proceed *in forma pauperis*.

On December 3, 2008, Chief Judge Helen Gillmor issued an Order Setting Rule 16 Scheduling Conference. The Order scheduled a Rule 16 Scheduling Conference for March 2, 2009. (Order Setting Rule 16 Scheduling Conference 1.) The Order stated that failure to attend "will result in imposition of sanctions, (including fines or dismissal)." (Order Setting Rule 16 Scheduling Conference 1.) Hamrick did not attend the Rule 16 Scheduling Conference.

The Court subsequently ordered Hamrick to appear before the Court on April 3, 2009, to explain why this case should not be dismissed for failure to, among other things, attend the Rule 16 Scheduling Conference and serve the Complaint. (Order to Show Cause 1-2.) The Court noted that failure to comply with the Local Rules may result in dismissal of this action. (Order to Show Cause 2.) Hamrick did not appear at this hearing; however, he sent several e-mails regarding the hearing to the Court. In these e-mails, Hamrick argues that the Court should have accepted the pleadings and motions already in the record in lieu of his attendance at the Rule 16 Scheduling Conference.

II. DISCUSSION

Hamrick has not paid the required civil filing fee or filed an *in forma pauperis* application, despite being warned that failure to do so may result in this action being dismissed. He

believes that pursuant to 28 U.S.C. § 1916 he may litigate this action without paying the required filing fee.  The Court disagrees.

> Section 1916 reads as follows:
>
> In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor.

28 U.S.C. § 1916.  Hamrick has not demonstrated to this Court that his suit is for "wages or salvage or the enforcement of laws enacted for [seamen's] health or safety."  Id.  Accordingly, the § 1916 exemption from prepaying fees is inapplicable to this case.  This finding is in accord with decisions of the Supreme Court and other district courts that have required Hamrick to pay filing fees.  See, e.g, Hamrick v. Bush, 543 U.S. 1185, 1185 (2005) (denying Hamrick's motion for leave to proceed as a seaman); Hamrick v. Bush, No. 1:06CV00044 GH, 2007 U.S. Dist. LEXIS 15567, at *7-8 (E.D. Ark.  Mar. 1, 2007) (concluding that the § 1916 exemption was not applicable to Hamrick's case).

Hamrick's failure to pay the filing fee or file an *in forma pauperis* application are sufficient grounds to recommend dismissal of this action.  See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) (finding that the district court had the authority to dismiss the complaint for failure to pay partial

filing fee); In re Perroton, 958 F.2d 889, 896 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees).  The Court also finds that this action should be dismissed because Hamrick has failed to comply with other Court orders.

      Rule 16(f)(1) of the Federal Rules of Civil Procedure permits the Court to "issue any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party fails to appear at a scheduling conference or obey a pretrial order.  Pursuant to Rule 16(f)(1), the Court may dismiss an action in whole or part for failure to appear at a scheduling conference or obey a pretrial order.  See Fed. R. Civ. P. 37(b)(2)(A)(v).  Rule 41(b) of the Federal Rules of Civil Procedure also authorizes a court to dismiss an action when "the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  Although Rule 41(b) states that a defendant may move for dismissal on this ground, the Rule permits the court to dismiss an action for failure to prosecute or failure to comply with court orders.  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

      Chief Judge Gillmor ordered Hamrick to appear at the Rule 16 Scheduling Conference scheduled for March 2, 2009.  Her order explicitly stated that this action may be dismissed if he did not comply.  Yet Hamrick did not attend the Rule 16 Scheduling Conference.  This Court then ordered Hamrick to appear

on April 3, 2009, to explain, among other things,[1] his failure to attend the Rule 16 Scheduling Conference.  The Court's order noted that this action may be dismissed because he failed to comply with the Local Rules.  Hamrick did not attend this hearing and has failed to adequately explain his absence.  Accordingly, the Court finds that Hamrick has failed to comply with Court orders and has not litigated this case in accordance with the Federal Rules of Civil Procedure and the Local Rules.

      A district court must consider the following five factors before dismissing an action for failure to comply with court orders: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986)); see also Bautista v. L.A. County, 216 F.3d 837, 841 (9th Cir. 2000).

      After carefully considering the factors laid out in Malone, the Court recommends that the district court dismiss this action.  The Court finds that the public's interest in expeditious resolution of litigation and the Court's need to

---

[1] The Court also asked Hamrick to explain his failure to properly serve Defendant Chiyome Fukino.  (Order to Show Cause 1-2.)  Hamrick has still not provided any evidence that he has properly served Fukino.

5

manage its docket heavily outweighs the public policy favoring disposition of cases on their merits.  The Court also finds that Defendant Fukino will suffer no prejudice if this action is dismissed as she apparently has not been served.  Finally, the Court finds that less drastic alternatives such as monetary sanctions are not viable at this time.

III. CONCLUSION

Hamrick has repeatedly failed to comply with Court orders and has not litigated this action in accordance with the Federal Rules of Civil Procedure or the Local Rules. Thus, this Court FINDS AND RECOMMENDS that the district court DISMISS this action without prejudice.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, May 1, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge


CIVIL NO. 08-00544 ACK-KSC; HAMRICK v. FUKINO; FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE